

NUMBER 13-17-00460-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CELESTINA LYNN GARCIA,                                        Appellant,

v.

THE STATE OF TEXAS,                                           Appellee.

On appeal from the 24th District Court
of Victoria County, Texas.

# ORDER

**Before Chief Justice Valdez and Justices Contreras and Benavides
Order Per Curiam**

Appellant, Celestina Lynn Garcia, appeals her conviction for tampering with or fabricating physical evidence. The reporter's record was originally due on September 18, 2017. On January 3, 2018, the court reporter notified this Court that appellant failed to make arrangements for payment of the reporter's record. In accordance with Texas

Rule of Appellate Procedure 37.3(c), this Court notified counsel that unless the defect was cured, the Court would consider and decide those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3. Appellant's counsel has responded that appellant is indigent and entitled to a free appellate record. Counsel states that he was retained and paid by appellant's mother, and there has been no material change in appellant's financial status after she was deemed indigent.

The clerk's record reflects appellant was appointed counsel to represent her at trial. A supplemental reporter's record contains appellant's motion for a free record on appeal filed with the district clerk on November 9, 2017. The trial court signed an order denying the request on November 15, 2017. According to appellant's counsel, the motion was denied without explanation or a hearing.

In criminal cases, an appellant "who is unable to pay for the appellate record may, by motion or affidavit, ask the trial court to have the appellate record furnished without charge." TEX. R. APP. P. 20.2. "If after hearing the motion the court finds that the appellant cannot pay or give security for the appellate record, the court must order the reporter to transcribe the proceedings." *Id.* The Texas Code of Criminal Procedure permits reconsideration of the issue of a defendant's indigency if there is a material change in financial circumstances. If there is a material change in financial circumstances after a determination of indigency is made, the defendant, the defendant's counsel, or the attorney representing the state may move for reconsideration of the determination. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p).

The record before us does not indicate whether appellant is indigent. Accordingly, we ABATE this appeal and REMAND the cause to the trial court for further proceedings.

Upon remand, the trial court shall cause notice of a hearing to be given and, thereafter, conduct a hearing to determine appellant's indigence for purposes of payment of the reporter's record.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record and shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration thirty days from the date of this order.

PER CURIAM

Delivered and filed the
12th day of January, 2018.